REQUESTED BY: Dear Senator:
You have asked us whether LB 663, which appropriates forty million dollars to be held in escrow for the purposes of LB 33 if the voters in November approve LB 33, violates any constitutional prohibitions or whether this bill would interfere with the outcome of the election in any way. We have substantially addressed the constitutional question that you have raised in our opinion to Senator Frank Lewis, dated March 15, 1978. We attach a copy of that opinion to this letter in response to that portion of your question.
The second part of your question is whether or not this bill would interfere with the outcome of the election in any way. That question is essentially political in nature. We will not address the political aspects of that question. However, we point out to you that there is no constitutional prohibition that precludes attempts to influence the outcome of a referendum. Legislators individually or the Legislature as a group may attempt to influence the outcome.
The prohibition on legislative measures with respect to the referendum power is simply that the Legislature may not do anything that makes ineffective the right of the people to vote or makes the matter presented to the voters unintelligible or so misleading as to be unfair or where the act under referral, if rejected, would create confusion or upset the orderly processes of legislation.
As we pointed out in our opinion to Senator Gerald D. Koch and yourself in Opinion No. 137, October 13, 1977, the court in Klosterman v. Marsh, 180 Neb. 506,143 N.W.2d 744, has said:
 ". . . To the extent that this conclusion implies that the legislative power of initiative and referendum reserved to the people and the legislative authority granted to the Legislature may not be exercised concurrently, we disagree. . . ."
Thus, it is clear that the Legislature may concurrently with the exercise of the referendum power act in the same area. The prohibition goes to nullifying the right of the people to express their choice in an election.